# HANTMAN & ASSOCIATES
ATTORNEYS AT LAW
1120 Avenue of the Americas
4th Floor
New York, New York 10036
(P) 212-684-3933
(F) 212-465-2192
www.Hantmanlaw.com

**ROBERT J. HANTMAN**
rhantman@hantmanlaw.com
New York, New Jersey, & Florida Bars

September 16, 2024

***VIA ECF***
Magistrate Judge James M. Wicks
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

      Re:     *Alisha Price v. Kohn, Swift & Graf, P.C. and Neil L. Glazer*
              Case No: 24-cv-04720 (JMW)

Dear Judge Wicks:

We represent Plaintiff Alisha Price in the above captioned action. As you are likely aware this is an action of legal malpractice stemming from Defendant's representation of Plaintiff regarding an investigation by the FBI and the United States Attorney's Office conducted out of this jurisdiction, the Eastern District, as well as a related criminal case brought in this district,[1] and finally a related civil case brought in this jurisdiction.[2]

Despite the entirety of the events related to this action unfolding in this jurisdiction, Defendants move to transfer this action to an unspecified "forum in Philadelphia, Pennsylvania" based upon the retainer agreement between the parties. The relevant section stating in full:

> "This agreement shall be governed by the laws of Pennsylvania, regardless of the place of execution or performance. You agree with us that any disputes arising out of or relating to this Agreement shall be resolved in Pennsylvania, through mediation, binding arbitration, or a proceeding in a state or federal court sitting in the City of Philadelphia, County of Philadelphia, to which you agree to submit for purposes of personal and subject matter jurisdiction."

---

[1] United States v. Nicole Daedone Criminal Docket No. 23-146 (DG) (the "Criminal Action")

[2] Doe et al v. Daedone et al - 1:24-cv-04434 (the "Civil Action")

FLORIDA
HANTMAN & ASSOCIATES
650 WEST AVENUE
SUITE 2408
MIAMI BEACH, FL 33139

PLEASE SEND ALL CORRESPONDENCE TO THE NEW YORK, NY ADDRESS LISTED ABOVE.

Defendants cite *S.K.I. Beer Corp. v. Baltika Brewery*, 612 F.3d 705 (2d Cir. 2010) in support of their motion yet fail to include or discuss the four part tes set out therein. This Court has explained that "[d]etermining whether to dismiss a claim based on a forum selection clause involves a four-part analysis" that proceeds in the following manner: The first inquiry is whether the clause was reasonably communicated to the party resisting enforcement. The second step requires us to classify the clause as mandatory or permissive, i.e., to decide whether the parties are required to bring any dispute to the designated forum or simply permitted to do so. Part three asks whether the claims and parties involved in the suit are subject to the forum selection clause. If the forum selection clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable. The fourth, and final, step is to ascertain whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that "enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." (*S.K.I. Beer Corp. v Baltika Brewery*, 612 F3d 705, 708 [2d Cir 2010]; *Phillips v. Audio Active Ltd*., 494 F.3d 378, 383-84 [2d Cir. 2007] [quoting Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972)] [emphases omitted] [citations omitted])

Here the clause was not reasonably communicated to the Plaintiff. Defendants never explained the retainer agreement to her generally and never specifically explained the forum selection clause therein. Plaintiff never had the opportunity to have an independent attorney review the agreement.

Quite the contrary, Defendants used the Plaintiff, keeping her in the dark about not only the meaning of the retainer agreement, but about her rights in general encouraging her to participate with the FBI and the United States Attorney's Office to their benefit in order to build a civil case they would later file on behalf of other plaintiffs.

Since the clause was not communicated to the Plaintiff the test fails and it is not presumptively enforceable. Even so, "enforcement would be unreasonable or unjust" because the law services that Plaintiff retained the Attorney Defendants to provide concerned the Attorney Defendants' representation of Plaintiff in connection with a legal matter pending in this district, all of the facts and third parties related to this matter are located in this district, all acts an omissions occurred in this district, the Defendant law firm and Defendant Neil L. Glazer, Esq.
have a direct connection and availed themselves to this jurisdiction by participating in the Criminal Action and filing the Civil Action, Defendant Neil L. Glazer, Esq. is he is admitted to practice law in the United States District Court for the Eastern District of New York, and as such there can be no prejudice against the Defendants.

Plaintiff has chosen this venue based upon the connection to the related Civil and Criminal Actions, equites lay in her favor. For those reasons the Defendants motion should be denied.

Plaintiff has submitted an affidavit in connection with this issue setting forth the factual background under oath.

Yours very truly,

/s/ Robert J. Hantman, Esq.