

Wall Street Plaza, 88 Pine Street, 21st Floor, New York, NY 10005-1801
(212) 376-6400  Fax (212) 376-6490

Direct Dial:  (212) 376-6454
Email:  npchrysanthem@mdwcg.com

September 25, 2024

**VIA ECF**
Magistrate Judge James M. Wicks
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York  11722

>          Re:     Alisha Price v. Kohn, Swift & Graf, P.C. and Neil L. Glazer
>                    Case No: 24-cv-04720 (JMW)
>                    Our File No.  :  08104.00192

Dear Judge Wicks:

I represent the Defendants in the above-referenced matter. Pursuant to this Court's Docket Order entered on September 20, 2024 I submit this Reply in further support of Defendants' request to change the venue of this matter pursuant to F.R.C.P. § 12(b)(3) and/or 28 U.S.C. § 1404.

As an initial matter, the "affidavit" submitted by Plaintiff is unsigned and not acknowledged. As such, it is a nullity and the Court should not consider it. Notably, the Complaint is not signed or verified by the Plaintiff.

Regardless, even if the Court were to consider Plaintiff's "affidavit" (which for the most part simply parrots allegations in the Complaint), it is replete with self-serving statements that have no legal bearing on the validity of the forum selection clause contained in the retainer agreement.

Plaintiff does not deny that she signed the retainer agreement. She does not argue that she did not read the agreement; nor does she argue that she did not have a chance to ask questions about the retainer agreement. Finally, Plaintiff does not argue that she did not have the legal capacity to enter into the retainer agreement. Rather, Plaintiff's counsel floats the preposterous "excuse" that Plaintiff should have been advised to obtain independent counsel before signing the retainer agreement. (Opp. pg. 2). Of course, Plaintiff's attorney cites to no authority for this illogical proposition because there is none.

**ARGUMENT**

It is black letter law that a party that signs a document is conclusively bound by its terms absent a valid excuse for having failed to read it. *Doyle v. P.A. Sports Authenticator*, 76 Misc. 3d

38, 40-41 (App Term 2022) *citing, Guerra v. Astoria Generating Co., L.P.*, 8 A.D.3d 617, 618, 779 N.Y.S.2d 563 [2004]; *see Shklovskiy v. Khan*, 273 A.D.2d 371, 372, 709 N.Y.S.2d 208 (2000); *Sofio v. Hughes*, 162 A.D.2d 518, 519, 556 N.Y.S.2d 717 (1990); *see also Pimpinello v. Swift & Co.*, 253 N.Y. 159, 162-163, 170 N.E. 530 [1930]). "This is so because [i]f the signer could read the instrument, not to have read it was gross negligence; if he could not read it, not to procure it to be read was equally negligent; in either case the writing binds him" (*Morris v. Snappy Car Rental, Inc.*, 189 A.D.2d 115, 120, 595 N.Y.S.2d 577 (1993) [internal quotation marks omitted], *affd* 84 N.Y.2d 21, 614 N.Y.S.2d 362, 637 N.E.2d 253 (1994); *see Pimpinello v. Swift & Co.*, 253 N.Y. at 162-163, 170 N.E. 530; *Manufacturers & Traders Trust Co. v. S.W.U. Assoc., Inc.*, 105 A.D.2d 1118, 1119, 482 N.Y.S.2d 388 (1984); *see also Sofio v. Hughes*, 162 A.D.2d 518, 556 N.Y.S.2d 717; *Manufacturers & Traders Trust Co. v. Commercial Door & Hardware, Inc.*, 51 A.D.2d 362, 366, 381 N.Y.S.2d 709 (1976); *James Talcott, Inc. v. Wilson Hosiery Co.*, 32 A.D.2d 524, 299 N.Y.S.2d 460 (1969).

As stated above, Plaintiff does not deny that she read the retainer agreement. Even if that were the case, Plaintiff does not cite a valid excuse for not reading it. In fact, even forum selection clauses on the reverse side of an agreement are enforceable. *Doyle, supra* at 41. Plaintiff's (and her counsel's) self-serving accusations about how Defendants handled her underlying case are not a valid excuse to avoid the forum selection clause stated *on the same page* of the retainer agreement that contains her signature. Plaintiff takes a pedestrian view of how the forum selection clause was communicated. Plaintiff does not explain how a clause on the same page as the signature line does not equate to communicating the obligation.

Plaintiff's only two arguments for avoiding the forum selection clause-that the clause was not "communicated to Plaintiff" and that even if it was, enforcement would be "unjust" (Opp. pg. 3)-fail as a matter of law. Plaintiff's counsel does not discuss whether this particular clause is mandatory or permissive, but based on his arguments presumes that it is mandatory.

First, Plaintiff claims that the forum selection clause was not communicated to her. As set forth above, this argument holds no water. "An attorney may provide for specific venue in the engagement agreement." §37:42. Venue—Contractual provisions, 4 Legal Malpractice § 37:42 (2024 ed.). "The initial determine is one of contract law, whether the engagement agreement provides for selection of venue." *Id., citing Mintz & Fraade, P.C. v. Beta Drywall Acquisition, LLC*, 59 So. 3d 1173 (Fla. Dist. Ct. App. 4th Dist. 2011) (arbitration provision with venue in New York); *Reiner, Reiner and Bendett, P.C. v. The Cadle Co.*, 278 Conn. 92, 897 A.2d 58 (2006*); Bugna v. Fike*, 80 Cal. App. 4th 229, 95 Cal. Rptr. 2d 161 (1st Dist. 2000) (author was counsel).

In short, Plaintiff is charged with reading what she signs unless she has an excuse for failing to read the contract. Plaintiff's excuses (that do not claim she did not read it) are all self-serving after-the-fact inventions. (Pltf. "Aff." ¶¶ 11-14). None of this rises to the level of excuse required to avoid the forum selection clause and Plaintiff cites to no cases that would relieve her from an agreement that she does not deny she read. *Summit Packaging Systems, Inc. v. Kenyon & Kenyon*, 273 F.3d 9 (1st Cir. 2001) (Upon a motion to stay, the court held that a client could not pursue a

legal malpractice action in New Hampshire. The patent law firm's retainer agreement provided that "concerning our representation … you agree that the dispute will be submitted to arbitration" to the New York City Bar Association or to litigation in a New York court. The clause required the parties to resolve their dispute either by arbitration or by litigation in New York. Arbitration was consistent with the Federal Arbitration Act). *Summit Packaging* is is instructive because like the case at bar, that case involved an attorney-client dispute. Also like the case at bar, the agreement between the law firm and the client contained a forum selection clause that provided a choice of commencing an action in New York State court or resolving the dispute through arbitration. When Summit commenced an action in the wrong venue (New Hampshire, instead of New York), the arbitration choice became mandatory and Summit was required to arbitrate. *Id.* at 13. This is exactly what transpired here. Plaintiff commenced this action in the wrong forum, and in the spirit of the Federal Arbitration Act should be required to arbitrate this matter in Philadelphia, as required under the retainer agreement.

Second, Plaintiff argues that the forum selection clause is "unjust." Her counsel bases this argument on the underlying FBI investigation emanating out of New York. He cites to no authority that supports this argument. Indeed, Plaintiff avers that she is, and at all relevant times was, a resident of the State of Florida. (Cmplt. ¶35, DOC. 1). Defendants are located in Philadelphia, PA. Convenience is not an issue because whether Plaintiff travels to New York or Philadelphia to litigate this matter is no of concern. Plaintiff's counsel speculates that "facts and third parties" are located in the Eastern District of New York but fails to specify what those facts are or who those parties are. Indeed, the Complaint does not allege that Plaintiff even travelled to New York during the time that the FBI sought to depose her. In short, Plaintiff retained a Philadelphia firm to represent her in the underlying matter emanating out of the Eastern District of New York. Plaintiff lives in Florida and cannot claim prejudice (nor does she) if she is held to her agreed upon forum selection clause. There is nothing cited that is "unjust" about Plaintiff being held to her agreement.

Accordingly, Defendants respectfully request the Court grant Defendants' motion to change the venue of this action to the appropriate forum in Philadelphia, Pennsylvania.

In the event the Court denies permission to move to change the venue of this matter, Defendants request an additional thirty (30) days to respond to the Complaint either through filing an Answer or seeking permission to move to dismiss the Complaint or any part thereof pursuant to F.R.C.P. § 12(b).

Respectfully submitted,

Nicholas P. Chrysanthem

NPC/dms

_____

cc:     **<u>VIA ECF</u>**
        Robert J. Hantman, Esq.
        Hantman & Associates
        Attorneys for Plaintiff
        1120 6th Avenue, 4th Floor
        New York, New York 10036