UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALISHA PRICE,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>KOHN, SWIFT & GRAF, P.C.<br>and NEIL L. GLAZER,<br><br>　　　　　　　　　　Defendants, | Case No. 24-cv-05684<br><br>**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE DATED JULY 21, 2025** |

　　　　Plaintiff Alisha Price, through her undersigned counsel, respectfully submits this memorandum of law in support of Plaintiff's response to the Court's July 21, 2025 Order to Show Cause as to why this case should not be dismissed for failure to prosecute. Essentially, Plaintiff has maintained a good-faith interest in litigating her claims; any delay has stemmed from extraordinary circumstances beyond her control, including preparation for testimony in a high-profile criminal trial in the Eastern District of New York, the ensuing emotional and professional fallout, and the need to coordinate local representation and comply with procedural requirements in this District. Accordingly, Plaintiff respectfully seeks the Court's permission to proceed with the case and submit any required filings by August 15, 2025.

**FACTUAL AND PROCEDURAL HISTORY**

　　　　Plaintiff is a former member of the OneTaste community, a spiritual and intentional living collective that she joined from 2006 to 2013. During this period, Plaintiff lived in urban monasteries operated by OneTaste, participated in teachings rooted in Tibetan Buddhist and Hindu traditions, and practiced what the community referred to as Orgasmic Meditation ("OM"). These beliefs and practices form the backdrop of the civil claims asserted in this matter.

1

In April 2021, Plaintiff was approached unannounced by agents of the Federal Bureau of Investigation ("FBI") and, without the opportunity to first retain legal counsel, was allegedly pressured into speaking with them. She was told that she would be arrested and transported to New York if she did not cooperate. Shortly thereafter, Plaintiff retained Defendants Kohn, Swift & Graf, P.C. and attorney Neil Glazer to assist her in responding to a federal grand jury subpoena, in an effort to resolve the matter simply and quietly with minimal disruption to her personal and professional life.

However, by September 2021, Plaintiff had grown concerned about Defendants' conduct, including what she perceived to be improper coordination with the FBI to label her as a "victim" of OneTaste and to build a criminal case against her former colleagues. She attempted to terminate the representation at that time, but Defendants allegedly continued to act on her behalf and to pressure her to adopt the government's narrative. On September 13, 2022, Plaintiff again attempted to formally terminate Defendants, but they failed to respond.

On June 6, 2023, a federal indictment was unsealed in *United States v. Cherwitz et al.*, No. 23-CR-146 (E.D.N.Y.), charging OneTaste's founder, Nicole Daedone, and senior member Rachel Cherwitz with conspiracy to commit forced labor. Plaintiff had personal and professional ties to both defendants and was identified as a potential defense witness in that proceeding. The trial took place from May 5 through June 9, 2024, during which Plaintiff observed, and was emotionally affected by, testimony from witnesses who she believed were pressured into offering false or exaggerated accounts.

On July 8, 2024, Plaintiff filed this civil action in the Eastern District of New York[1] against her former attorneys, asserting claims for legal malpractice, fraud, and related

---

[1] *Price v. Kohn, Swift & Graf, P.C. et al*, 2:24-cv-04720, E.D.N.Y.

misconduct stemming from their alleged efforts to pressure her into cooperating with the FBI to support a narrative aligned with the government's prosecution strategy. On September 6, 2024, Defendants moved to transfer the case to the Eastern District of Pennsylvania, where it was reassigned on October 18, 2024 and is now pending before this Court.

On July 21, 2025, the Court issued an Order to Show Cause as to why this matter should not be dismissed for failure to prosecute. On August 1, 2025, Plaintiff submitted a letter via email to chambers affirming her intent to proceed, outlining the circumstances that had contributed to the delay, including her role in the criminal trial and the ongoing emotional and professional fallout, and requested a short extension to complete necessary filings.

On August 4, 2025, the Court granted Plaintiff a 15-day extension and directed counsel to formally docket the August 1 letter.

As the Court is aware, Plaintiff has since retained local counsel and is preparing a motion for pro hac vice admission of her New York counsel. She now respectfully submits this memorandum to demonstrate good cause and explain why dismissal for failure of prosecution is unwarranted.

## STANDARD OF REVIEW

Indeed, under Rule 41(b), a district court may dismiss an action if a litigant has failed to prosecute or comply with a court order. However, such power must be exercised cautiously and only where the record clearly justifies that outcome. The Third Circuit has emphasized that dismissal is "a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982). Even where delay may be attributed to counsel, courts

must still consider whether lesser sanctions "would better serve the interests of justice." *Id.* at 343.

Before imposing such a sanction, courts shall balance the relevant considerations to determine whether dismissal is warranted, which include factors "as set forth in *Poulis*: '(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.'" *Fields v. Fed. Bureau of Prisons*, No. 23-2479, 2025 U.S. App. LEXIS 10833, at *3 (3d Cir. May 6, 2025) (quoting *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

## **WHY DISMISSAL WOULD BE IMPROPER AT THIS STAGE**

As set forth *infra*, much of the brief delay was due to Plaintiff's rather extraordinary and good-faith obligations arising from a separate federal criminal proceeding—obligations that do not constitute the type of willful delay contemplated by Rule 41(b) or the *Poulis* factors.

The August 1, 2025 *ex parte* letter[2] details that Plaintiff has remained in close contact with counsel and has not willfully contributed to any delay in this matter. The short period of inactivity resulted primarily from her role as a defense witness in a parallel federal criminal proceeding[3], for which she was interviewed multiple times by defense counsel in preparation for a trial originally set for January 5, 2025, and later held from May 5 to June 10, 2025. The

---

[2] Attached hereto as "Exhibit 1." Plaintiff submits this document as a factual overview, not as evidence, and affirms that it reflects her good faith understanding of the relevant events.
[3] *United States v. Cherwitz et al.*, No. 23-CR-146 (E.D.N.Y.). Plaintiff was on the defense witness list and interviewed multiple times by defense counsel throughout the trial preparation process. She assisted with months of pretrial work, including for the original date when the government was expected to present fabricated journals created for a Netflix film as a central exhibit. She remained in regular contact with defense teams, often working late nights while managing her duties at The Service and Connection Company, which provided logistical support to counsel. These obligations required frequent trial attendance, strategy sessions, and preparation meetings, and entailed significant personal expense in retaining her own attorney to address her status as a potential witness.

government's case was expected to feature as its star witness a former friend of Plaintiff who had fabricated key evidence and committed perjury in related proceedings. Anticipating that such evidence would be presented to a jury, coupled with the rescheduling and extended preparation period, imposed significant stress and consumed much of Plaintiff's time and focus from late 2024 through June 2025.

Despite the personal and professional toll, Plaintiff continued working with counsel and promptly resumed efforts to advance this case once the criminal trial concluded.

Moreover, this Court issued its Order to Show Cause, on its own initiative, without any motion or request from Defendants, on July 21, 2025. Since then, Defendants have not identified, nor does the record reflect, any cognizable prejudice arising from the brief delay. The case remains in an early procedural stage, and no discovery or substantive motion practice has occurred. Additionally, Plaintiff has previously attempted to engage in resolution discussions, which Defendants declined. *See* Exhibit 1 at pg. 7.

This is the first and only instance of delay in this matter, to date. Plaintiff filed the complaint in the Eastern District of New York in July 2024. Since then, she has participated in the transfer of venue and made efforts to retain Pennsylvania counsel and prepare for pro hac vice admission. *Id*. at pg. 1. The short delay giving rise to the Court's July 21, 2025 Order was isolated and promptly addressed.

There is no evidence of bad faith or deliberate inaction. Given the brevity of time, Plaintiff submitted the *ex parte* letter in response to this Court's Order to Show Cause on August 1, 2025, out of urgency and in good faith. She is not attempting to evade this Court's authority but rather seeks to proceed in an orderly and compliant manner. Under these circumstances, the period between late 2024 and the verdict in June 2025 was dominated by unavoidable, good-faith

obligations to the criminal defense effort, leaving little opportunity for Plaintiff to meaningfully advance her own civil case until those proceedings concluded.

Even if this Court were to find some fault in the delay, dismissal is not the only available remedy. Plaintiff has since retained local counsel, begun preparing the necessary pro hac vice applications, and respectfully requested a short extension to finalize appearances.

Lastly, as further enumerated in the complaint[4] and Plaintiff's August 1, 2025 *ex parte* letter, Plaintiff's complaint asserts serious claims for legal malpractice, fraud, and breaches of ethical duties, arising from Defendants' alleged misuse of their representation to serve their own financial and prosecutorial objectives. These claims implicate constitutional issues, including First Amendment rights, and if proven, entitle Plaintiff to meaningful legal and equitable relief. They are not speculative or facially deficient, and they warrant adjudication on the merits.

## CONCLUSION

Accordingly, Plaintiff respectfully requests that this matter not be dismissed for failure to prosecute and that she be permitted to proceed with her claims in the ordinary course. Given the circumstances presented, including Plaintiff's good-faith efforts to comply with the Court's directives and the absence of prejudice to Defendants, dismissal at this stage would be unwarranted and unjust.

Dated: August 15, 2025                     **COHN & ASSOCIATES**

                                          BY: *Clifford B. Cohn*
                                               CLIFFORD B. COHN, ESQUIRE
                                               *Email: cbcohn@cbcohn*
                                               Attorney I.D. No: 25847

---

[4] *Price v. Kohn, Swift & Graf, P.C. et al*, 2:24-cv-04720, E.D.N.Y., Dkt. No. 1, attached herein as Exhibit 2.

        BY: *Kenneth D. Albert*
          KENNETH D. ALBERT, ESQUIRE
          *Email: kalbert@cbcohn.com*
          Attorney I.D. No: 56375

          1650 Market Street, 55th Floor
          Philadelphia PA  19103
          Phone: (215) 545-9660
          Fax: (267)838-9224
          *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Janet Haefner Rogers, legal assistant, hereby certify that I have served upon all parties of record a true and correct copy of the foregoing Notice of Appearance filed electronically to be viewed and downloaded via ECF_Documents@paed.uscourts.gov to:

Josh J.T. Byrne, Esquire
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia  PA  19103
*Via Email:*  jtbyrne@mdwcg.com

Nicholas Peter Chrysanthem, Esquire
Marshall Dennehey Warner Coleman & Goggin
Wall Street Plaza
888 Pine Street, 21st Floor
New York  NY  10005
*Via Email:*  NPChrysanthem@mdwcg.com

                              **COHN & ASSOCIATES**

                              *Janet Haefner Rogers*
                              Janet Haefner Rogers, legal assistant
                              1650 Market Street, 55th Floor
                              Philadelphia  PA  19103
                              Email:  jhaefner@cbcohn.com
                              Phone: 215-545-9660
                              Fax:  267-838-9224

Date:  August 15, 2025